IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13 CR 77-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JOSHUA WARNER KAMP. ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE coming on to be heard before the undersigned upon a Violation Report (#48) filed by the United States Probation Office on January 14, 2014 alleging that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Derrick R. Bailey, and the Government was present through Assistant United States Attorney, Richard Edwards. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, denied the allegations contained in the Violation Report. Testimony was presented by the Government through Robert T. Ferguson, United States Probation

1

Officer.

The Defendant was charged in a bill of indictment filed on December 3, 2013 with one count of conspiracy to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 846, in counts three and five, Defendant was charged with two separate counts of possessing with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). A hearing was held in regard to the detention of Defendant on December 11, 2013 and on that date the undersigned entered an order releasing Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(1) The defendant must not violate any federal, state or local law while on release.

(8)(p) Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(8)(a) Defendant must report to the Office of Probation and Pretrial Services to the extent and in the manner that the agency determines to be appropriate.

Officer Ferguson testified that on January 14, 2014 he discovered that Defendant had been arrested by the Buncombe County, NC Sheriff's Office on

January 13, 2014 and charged with possession of 14 grams of methamphetamine, in violation of N.C.G.S. § 90-95(a)(3); possession with intent to sell methamphetamine, in violation of N.C.G.S. § 90-950(a)(1); and possession of drug paraphernalia, that being digital scales, in violation of N.C.G.S. § 90-113.22. The possession charges against the defendant are each felonies in the state of North Carolina. Defendant was charged with an additional felony, that being knowingly keeping a vehicle for the purpose of keeping a controlled substance. Copies of the various warrants that had been issued for the arrest of Defendant were introduced into evidence as Government "Exhibit 1".

Officer Ferguson further testified that he had instructed the Defendant to report for a job readiness class at the United States Probation Office in Asheville, NC on January 8, 2014. Defendant failed to report for the class, however, he contacted Officer Ferguson and advised him on January 13, 2014 that Defendant's road had been impassable on January 8, 2014.

Defendant presented as a proposed custodian for Defendant, Ms. Amanda Gunter. Ms. Gunter testified that she was employed at the Dept. of Veterans Affairs and had known Defendant for seventeen years. She testified that she and Defendant were friends and she could provide a room in her basement in which for Defendant to reside. At the present time, Ms. Gunter has residing with her her

children, a daughter age 17, and a son age 9.  Also residing with Ms. Gunter is the eight-month old child of Ms. Gunter's 17 year old daughter and the Defendant's three year old child.

**Discussion**.  18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1)    finds that there is----
>        (A) probable cause to believe that the person has committed a
> Federal, State, or local crime while on release; or
>        (B) clear and convincing evidence that the person has violated any
>  other condition of release; and
> (2)    finds that ---
>        (A) based on the factors set forth in section 3142(g) of this title, there
> is no condition or combination of conditions of release that will assure that
> the person will not flee or pose a danger to the safety of any other person or
> the community; or
>        (B) the person is unlikely to abide by any condition or combination
> of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed state felonies while on release, those being in violation of N.C.G.S. § 90-95(a).  Due to the fact there is probable cause to believe that Defendant has committed state felonies, a rebuttable presumption arises,

4

pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that Defendant would not pose a danger to the safety of any other person or the community.

There has been shown by clear and convincing evidence that Defendant violated other conditions of release in that it has been shown by clear and convincing evidence that Defendant violated the term of condition that states that he refrain from use or unlawful possession of a narcotic drug or other controlled substance, unless prescribed by a licensed medical practitioner. Methamphetamine is a drug which is not prescribed by any licensed medical practitioner. Additionally, Defendant violated the term and condition of release that required him to report to the Office of Probation and Pretrial Services to the extent and in the manner that the agency determines to be appropriate, by failing to attend the job readiness class as he had been instructed to do.

Due to the findings made above and further considering the presumption that has been created, it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. The undersigned has also considered all the factors as set forth under 18 U.S.C. § 3142(g). After reviewing the criminal record of Defendant, the undersigned finds that his criminal record supports the

revocation of his terms and conditions of pretrial release. It is the opinion of the undersigned that based upon Defendant's actions, that it is unlikely Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: February 24, 2014

*[signature]*

Dennis L. Howell
United States Magistrate Judge