# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 1:13-cr-00077-MR-DLH-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| JOSHUA WARNER KAMP. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon the Defendant's "Motion to Appeal Detention Hearing Decision." [Doc. 67].

## I.    PROCEDURAL BACKGROUND

On December 3, 2013, the Defendant was charged in a Bill of Indictment with (1) one count of conspiracy to distribute and to possess with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and (2) two counts of possession with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  [Doc. 14].  On December 11, 2013, a hearing was held before the Honorable Dennis L. Howell, United States Magistrate Judge, at which time the Defendant was released on a $25,000 unsecured bond.  [Docs. 24-25].  On December 18, 2013, the Defendant waived his personal

appearance at arraignment and entered a plea of not guilty.   [Doc. 36].

Judge Howell set conditions of release for the Defendant, including:

> (1)     The defendant must not violate any federal, state or local law while on release.
>
> &ast;     &ast;     &ast;
>
> (8)(a)     The defendant must . . . report to the Office of Probation and Pretrial Services to the extent and in the manner that the agency determines to be appropriate.
>
> &ast;     &ast;     &ast;
>
> (8)(p)     The defendant must . . . refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

[Doc. 25].

On January 14, 2014, the U.S. Pretrial Services Office filed a Violation Report, alleging that the Defendant had violated the terms and conditions of his pretrial release on December 11, 2013 by (1) new law violations charged in Buncombe County, North Carolina on January 13, 2014 of felony possession of methamphetamine, felony possession with intent to manufacture, sell or deliver methamphetamine, misdemeanor possession of drug paraphernalia, and felony maintaining a vehicle/dwelling/place for controlled substance, and (2) failure to report to probation officer as instructed by failing to report for a job readiness class at the U.S. Probation

Office on January 8, 2013 and failure to call the U.S. Probation Office to report inability to attend the class. [Doc. 48].

Judge Howell held a bond revocation hearing on February 19, 2014. After reviewing the evidence presented by the parties, and the arguments of counsel, Judge Howell found that there was probable cause to believe that the Defendant had committed state crimes while on release. [Doc. 63 at 4]. Further, Judge Howell found that there was clear and convincing evidence that the Defendant had violated "the term of condition that states that he refrain from use or unlawful possession of a narcotic drug or other controlled substance, unless prescribed by a licensed medical practitioner" since there was probable cause to believe that the Defendant had committed state felonies in violation of N.C. Gen. Stat. § 90-95(a). [Id. at 4-5]. Additionally, Judge Howell found that there was clear and convincing evidence that the Defendant violated "the term and condition of release that required him to report to the Office of Probation and Pretrial Services to the extent and in the manner that the agency determines to be appropriate, by failing to attend the job readiness class as he had been instructed to do." [Id. at 5]. Judge Howell found that no condition or combination of conditions of release would assure that the Defendant would not pose a danger to the safety of any other person or the community. He further found that the

Defendant's criminal record supported the revocation of his terms and conditions of pretrial release.  [Id. at 6].  Accordingly, Judge Howell revoked the Defendant's bond and ordered him detained pending trial.  [Id.].  This appeal followed.

## II.    STANDARD OF REVIEW

Title 18 of the United States Code, section 3148, governs the review and appeal of revocation orders.  This statute provides, in pertinent part, as follows:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer --
>
> (1) finds that there is --
>
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that --
>
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b). In reviewing a motion to revoke or amend an order of detention, the Court reviews the Magistrate Judge's Order de novo. United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001). In so doing, the Court "must make an independent determination of the proper pretrial detention or conditions of release." Id.

## III.   ANALYSIS

Upon reviewing the evidence presented at the detention hearing,[1] the Court agrees with the Magistrate Judge's factual findings and with his legal conclusion that detention is warranted in this case. First, the Defendant has been charged with the following state law violations while on release: (1) felony possession of 14 grams of methamphetamine, in violation of N.C. Gen. Stat. § 90-95(a)(3), (2) felony possession with intent to sell methamphetamine, in violation of N.C. Gen. Stat. § 90-95(a)(1), (3) misdemeanor possession of drug paraphernalia, in violation of N.C.G.S. § 90-113.22, and (4) felony maintaining a vehicle for the purpose of keeping a controlled substance. The Defendant argues that his state law charges resulted from "his assistance to federal and local law enforcement officers as a confidential drug informant" and that he should be released to further assist law enforcement. The evidence at the bond revocation hearing,

---

[1] The Court has reviewed the FTR recording of the bond revocation hearing.

5

however, failed to establish that the Defendant was acting in authorized covert operations with regard to his state law violations. Further, the Government presented evidence that the Defendant was instructed to report to the U.S. Probation Office on January 8, 2014, yet failed to do so or to even contact the U.S. Probation Office that he would be unable to attend. The Defendant's numerous state law violations and his failure to contact or report to the U.S. Probation Office for his job readiness class, in addition to the nature of the federal criminal allegations against the Defendant and the Defendant's prior criminal history, support the Magistrate Judge's conclusion that there are no conditions or combination of conditions of release that will reasonably assure the safety of other persons and the community.

Having conducted an independent review of the FTR recording of the bond revocation hearing, the Magistrate Judge's Order revoking the Defendant's bond, and having considered the arguments of counsel, the Court concludes that the Magistrate Judge's Order should be affirmed.

### **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Defendant's Appeal of the Detention Order Decision [Doc. 67] is **DENIED**, and the Order of Detention [Doc. 63] is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

Signed: March 28, 2014

Martin Reidinger
United States District Judge