# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:13-cr-00077-MR-DLH-2

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOSHUA WARNER KAMP, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion for Recommendation" [Doc. 177].

On December 3, 2013, the Defendant was charged in a Bill of Indictment with one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and two counts of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). [Doc. 12]. On December 11, 2013, the Defendant made his initial appearance and was released on a $25,000 unsecured bond with pretrial supervision. [Docs. 24, 25].

On January 13, 2014, the Defendant was charged with the following criminal offenses in Buncombe County, North Carolina: Felony Possess

Methamphetamine (14CR50429); Felony Possess With Intent to Manufacture, Sell or Deliver Methamphetamine (14CR50430); Misdemeanor Possess Drug Paraphernalia (14CR50431); and Felony Maintain Vehicle/Dwelling/Place for Controlled Substance (14CR50432). The Defendant's supervising probation officer prepared a bond violation notice was prepared, and the Magistrate Judge issued a warrant for the Defendant's arrest. [Doc. 48]. On February 19, 2014, the Defendant appeared in this Court pursuant to a writ of habeas corpus ad prosequendum for an initial appearance on the bond violation. The Magistrate Judge revoked the Defendant's bond and ordered him detained pending trial. [Doc. 63].

On April 23, 2014, the Defendant pleaded guilty pursuant to a written plea agreement to the conspiracy charge. He was sentenced on March 10, 2015 to a term of 33 months' imprisonment. [Doc. 153]. On April 8, 2015, he was returned to state custody. [See Doc. 174].

In his motion, the Defendant requests that the Court recommend to the Bureau of Prisons that he receive sentence credit for the time he spent incarcerated both prior to and after his sentencing. [Doc. 177]. He contends that he has been given only one day of sentence credit, which was for his initial appearance on December 11, 2013. [Id. at 1].

While it appears that the Defendant may be entitled to some sentencing credit for the time he spent in federal custody following the revocation of his bond, he Court declines to make any recommendation to the BOP regarding the amount of sentencing credit he should receive. The Attorney General, not the sentencing court, is responsible for computing a prisoner's credit. United States v. Wilson, 503 U.S. 329, 335 (1992). A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the Bureau of Prisoners. Only after such administrative remedies have been exhausted can a prisoner then seek judicial review of his sentence computation. Id. Because "[a] claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989), such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

Accordingly, the Defendant should address his inquiry regarding the status of his sentence to the Bureau of Prisons. Once the BOP administrative remedies have been exhausted, he may seek judicial review in the district of his confinement.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Recommendation" [Doc. 177] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: August 28, 2017

Martin Reidinger
United States District Judge